FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 20 PM 1:45
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRIAN CURTIS THIGPEN and MONICA ELLIS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | CV 111-050 |
| ARLISA MILLS, Sergeant, BARBARA READ, Lieutenant, CHARLES GIBBONS, Major, and VICKEY THOMAS, Lieutant, | ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Brian Curtis Thigpen, an inmate at Jefferson County Jail in Louisville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff Thigpen also lists Monica Ellis ("Ms. Ellis") as a co-plaintiff. However, Ms. Ellis, who is apparently also incarcerated at Jefferson County Jail, and is Plaintiff Thigpen's fiancé as well as a co-defendant in his criminal case (see doc. no. 1, pp. 5-6), did not sign the complaint or Plaintiff Thigpen's motion to proceed *in forma pauperis*[1]; nor has she paid the $350.00 filing fee. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Ms. Ellis be **DISMISSED** as a party to this lawsuit.

I. **DISCUSSION**

The Eleventh Circuit Court of Appeals has considered the issue of whether "the

---

[1] In a simultaneously issued Order, the Court has granted Plaintiff Thigpen's motion to proceed *in forma pauperis*.

Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff *in forma pauperis* civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together *in forma pauperis*. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring their complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In the end, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

Here, Plaintiff Thigpen and Ms. Ellis are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed *in forma pauperis* together in this action would presumably permit them to divide the cost of the filing fee between them. This would defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. §

2

1915(b)(1)). In other words, Plaintiff Thigpen, as an incarcerated litigant desiring to proceed *in forma pauperis*, must abide by the parameters of the PLRA. To honor Congress' intent in enacting the PLRA to taper prisoner litigation, Plaintiff Thigpen must be forced to think twice about the merits of this action before he can proceed *in forma pauperis* by being <u>solely</u> responsible for his own filing fee. He is not allowed to proceed *in forma pauperis* with a co-plaintiff who may shoulder some of the filing fee. Simply put, Plaintiff Thigpen's attempt to proceed *in forma pauperis* with a co-plaintiff in a single action violates the requirement of the PLRA that each prisoner pay the full filing fee. In addition, Ms. Ellis did not sign the complaint or Plaintiff Thigpen's motion to proceed *in forma pauperis*. Accordingly, Ms. Ellis is not a proper party to this litigation.

## II. CONCLUSION

As Ms. Ellis has not sought leave to proceed *in forma pauperis*, paid the full $350.00 filing fee, or even signed the complaint, and because Plaintiff Thigpen and Ms. Ellis may not proceed together in this action, the Court **REPORTS** and **RECOMMENDS** that Ms. Ellis be **DISMISSED** as a party to this lawsuit.[2]

SO REPORTED and RECOMMENDED this 20th day of April, 2011, at Augusta, Georgia.

                                                  W. LEON BARFIELD
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2]If Ms. Ellis wishes to file her own complaint and motion to proceed *in forma pauperis*, she may of course do so, subject to the provisions of the PLRA.

3